[Cite as *State v. Pearce*, 2012-Ohio-1348.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 11-COA-027 |
| GREGORY A. PEARCE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of
Common Pleas, Case No. 11-CRI-014


JUDGMENT:     AFFIRMED


DATE OF JUDGMENT ENTRY:     March 19, 2012


APPEARANCES:

For Appellant:

ERIN N. POPLAR
Erin N. Poplar Law, LLC
1636 Eagle Way
Ashland, OH 44805

For Appellee:

RAMONA FRANCESCONI ROGERS
ASHLAND COUNTY PROSECUTOR

PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage St., 3rd Floor
Ashland, OH 44805

*Delaney, P.J.*

{¶1} Defendant-appellant Gregory A. Pearce appeals the June 24, 2011 sentencing entry of the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 25, 2011, Pearce was indicted by the Ashland County Grand Jury on five counts of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), one count of Trafficking in Heroin in violation of R.C. 2925.03(A)(2), one count of Possession of Heroin in violation of R.C. 2925.11(A), one count of Possession of Drug Instruments in violation of R.C. 2929.12(A), and one count of Possession of Drug Paraphernalia in violation of R.C. 2925.14(C)(1).

{¶3} Pearce entered a not guilty plea to all charges. On April 26, 2011, Pearce changed his plea to guilty to Count I, Trafficking in Cocaine, a felony of the fourth degree; Count III, Trafficking in Cocaine, a felony of the fifth degree; Count VI, Trafficking in Heroin, a felony of the fourth degree; Count VIII, Possession of Drug Abuse Instruments, a second degree misdemeanor; and Count IX, Possession of Drug Paraphernalia, a fourth degree misdemeanor. The trial court granted the State's motion to dismiss Counts 2, 4, 5, and 7 of the indictment. The trial court ordered a pre-sentence investigation and scheduled sentencing on June 20, 2011.

{¶4} At the sentencing hearing, Pearce's counsel addressed the court before the imposition of sentence. Counsel spoke to the pre-sentence investigation report, stating Pearce had approximately 19 years of alcohol and drug-related criminal violations in his record. Pearce never attended a residential treatment program

because his previous violations were misdemeanor offenses. Counsel admitted the number of trafficking counts was alarming, but that was because the Ashland Police Department made Pearce's arrest with a confidential informant. Counsel submitted that with a presumption against prison and because almost all of Pearce's offenses were drug or alcohol related, Pearce would be better served in a residential treatment program. The State recommended Pearce be sentenced to prison.

{¶5} When sentencing Pearce, the trial court noted there were a number of recidivism factors that would indicate Pearce was more likely to reoffend. The trial court stated, "As Mr. Hyde has correctly noted, there are none of the nine factors that are set forth in Revised Code Section 2929.13(B)(1) with regard to 4th or 5th Degree felonies or continue to be drug offenses, however, I am finding that based on the recidivism factors and the fact that you have such a history of criminal activity, I am finding that prison is consistent with the purposes and principles of the Sentencing Statutes * * *." (T. 9.)

{¶6} The trial court went on to sentence Pearce to 18 months on Count I, 12 months on Count III, 18 months on Count VI, 90 days on Count VIII, and 30 days on Count IX. Count III was ordered to be served concurrently with Count I. Count VI was ordered to be served consecutively to Counts I and III. The trial court stated with respect to Count VI, it was appropriate based on Pearce's criminal history that the consecutive terms were needed to protect the public and a consecutive term on the charge was not disproportionate to the purposes and principles set forth to Ohio sentencing standards. (T. 11.) Counts VIII and Counts IX were ordered to be served

concurrently to Counts I, III, and VI.  In summary, Pearce was sentenced to serve 36 months in prison.

{¶7}   At the conclusion of the hearing, the trial court notified Pearce he had a right to appeal his sentence because the aggregate sentence exceeded the maximum prison term allowed under a fourth degree felony. It is based on this Pearce now appeals.

## ASSIGNMENT OF ERROR

{¶8}   Pearce raises one assignment of error:

{¶9}   "I. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE 18-MONTH SENTENCES FOR TWO FOURTH DEGREE FELONY CONVICTIONS SUCH THAT THE AGGREGATE SENTENCE EXCEED THE MAXIMUM PRISON TERM ALLOWED BY OHIO REVISED CODE 2929.14(A) FOR THE MOST SERIOUS OFFENSE OF WHICH THE APPELLANT WAS CONVICTED, 18 MONTHS.

## ANALYSIS

{¶10} Because Pearce pled guilty to a felony, Pearce appeals his sentence under R.C. 2953.08(C)(1), which states:

In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (C)(3) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of

which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true.

Pearce is permitted under App.R. 5(D)(2) to incorporate his motion for leave to appeal in his appellate brief by an assignment of error under R.C. 2953.08(C)(1).

{¶11} Pearce argues the trial court erred in ordering Pearce's sentences on Count I and Count VI be served consecutively. Pursuant to R.C. 2929.14(A)(4), the sentence for a fourth degree felony is six to eighteen months.

{¶12} In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

{¶13} The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster*, i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006-Ohio-856, 845 N.E.2d 470.

{¶14} In the first step of our analysis, we review whether the sentence is contrary to law. Pearce concedes in his appellate brief his sentence was not contrary

to law. (Appellant's Brief, p. 7.) Pearce argues, however, this court should consider the impact of H.B. 86, effective September 30, 2011, which revised the felony sentencing guidelines. We decline to adopt Pearce's argument because Pearce was sentenced on June 24, 2011, before the effective date of H.B. 86 and H.B. 86 is not retroactive. *State v. Fields*, 5th Dist. No. CT11-0037, 2011-Ohio-6044, ¶ 10.

{¶15} We next review the sentence pursuant to the abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi*, *supra* at ¶ 40. In reviewing the record, we find that the trial court gave careful deliberation to the relevant statutory considerations. The trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances.

{¶16} The trial court's consecutive sentence cannot be said to be an abuse of discretion. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983) (an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable."). Pearce suggests consecutive sentences are unnecessary under the facts of this case. Pearce has a lengthy criminal record for drug and alcohol related offenses over a 19-year period, but Pearce states the court should consider that he is a first-time felony offender. Pearce states his criminal behavior is due to his substance abuse problems and suggests a residential treatment center would address his addictions better than incarceration. The trial court sentenced Pearce to serve a consecutive term on Pearce's charge of trafficking in heroin. While Pearce's previous convictions were misdemeanors, Pearce's crimes involving drugs have evolved to the felony level. The trial court had the benefit of a

pre-sentence investigation report. At sentencing, the trial court was concerned with Pearce's propensity for recidivism and the need to protect the public. Over the 19-year period, Pearce has had the opportunity to address his substance abuse issues, but has not.

## CONCLUSION

{¶17} We find Pearce's sentences were within the statutory range and there was no abuse of discretion by imposing consecutive sentences. Pearce's sole assignment of error is overruled. The judgment of the Ashland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. WILLIAM B. HOFFMAN

[Cite as *State v. Pearce*, 2012-Ohio-1348.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GREGORY A. PEARCE | : | |
| | : | |
| | : | Case No. 11-COA-027 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN